1

2

3

4

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

7

8

| | |
|---|---|
| RICHARD BRAY, RANDALL BRAY, AARON MARTIN, | ) NO. 1:09-CV-00328 AWI SMS |
| | ) |
| Plaintiffs, | ) ORDER DISMISSING |
| v. | ) DEFENDANTS ADOLFO'S |
| | ) SILVER BUCKLE AND |
| | ) ADOLFO MARTINEZ IN LIGHT |
| CITY OF LEMOORE, et al., | ) OF STIPULATION OF |
| | ) DISMISSAL |
| Defendants. | ) |
| _____ | ) |

13

14

15    On June 17, 2010, the Plaintiff filed a stipulation of dismissal of Defendants Adolfo's

16 Silver Buckle and Adolfo Martinez only, with prejudice, pursuant to Rule 41(a)(1)(ii).

17    Rule 41(a)(1), in relevant part, reads:

18    an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or

19    of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

20    Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication

21    upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

22 Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily after service of an

23
answer by filing a written stipulation to dismiss signed by all of the parties, although an oral

24
stipulation in open court will also suffice.  Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d

25 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Once the

26 stipulation between the parties who have appeared is properly filed or made in open court, no

27 order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782

28

F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval."  In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (addressing 41(a)(1)(i)).  "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice."  Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

Because the parties have filed a voluntary dismissal under Rule 41(a)(1)(ii) as to these Defendants only, that is signed by all parties who have made an appearance, this case has terminated as to these Defendants only.  See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that ADOLFO'S SILVER BUCKLE and ADOLFO MARTINEZ are DISMISSED from this case with prejudice in light of the parties' filed and properly signed Rule 41(a)(1) voluntary dismissal.


IT IS SO ORDERED.

Dated:   July 11, 2010        _____

                             CHIEF UNITED STATES DISTRICT JUDGE